UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| WILLIAM F. KAETZ, | |
| Plaintiff, | CIVIL ACTION NO. 1:23-cv-03624 |
| v. | (BRANN, C.J.) |
| | (SAPORITO, M.J.) |
| UNITED STATES OF AMERICA, et al., | |
| Defendants. | |

## REPORT AND RECOMMENDATION

This action commenced on July 3, 2023, when the plaintiff, William

F. Kaetz, filed his fee-paid original *pro se* complaint in this action. (Doc.

1.) One week later, on July 10, 2023, he filed a *pro se* amended complaint

as a matter of course, which is the currently operative complaint in this

action. (Doc. 5.) A summons for service of process on the defendants was

issued to the plaintiff by the clerk on July 11, 2023. (Doc. 10; *see also* Doc.

9.) On July 24, 2023, the plaintiff filed proof of service. (Doc. 11.)

On July 31, 2023, we entered an order directing the plaintiff to show

cause why this action should not be dismissed for lack of subject matter

jurisdiction with respect to the United States, pursuant to Rule 12(b)(1)

of the Federal Rules of Civil Procedure, or for failure to state a claim upon

which relief can be granted with respect to the individual defendants, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Doc. 12.) On August 13, 2023, the plaintiff filed his response to that order. (Doc. 14.)

Kaetz is a prolific serial litigant who has previously brought numerous *pro se* lawsuits against the United States and various government officials, including some of the very same claims asserted in this action against the very same parties. *See Kaetz v. United States*, Civil Action No. 2:23-cv-02772 (D.N.J. dismissed June 28, 2023). In the prior litigation, Kaetz was proceeding *in forma pauperis*, without prepayment of the requisite filing fees, permitting pre-service *sua sponte* dismissal of that prior action for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B).[1] The instant civil action differs from that prior lawsuit in

---

[1] We note that, while a prior dismissal under § 1915(e) may have a *res judicata* or claim preclusive effect on a subsequent *in forma pauperis* complaint, such a dismissal does not bar future litigation of a *fee-paid* complaint such as this. *See Cieszkowska v. Gray Lines N.Y.*, 295 F.3d 204, 206 (2d Cir. 2002) (per curiam); *Gibson v. Pa. Pub. Util. Comm'n*, No. 1:15-cv-00855, 2015 WL 3952777, at *3 (M.D. Pa. June 18, 2015); *Woodard v. Upland Mortg.*, No. Civ.A.03-4382, 2003 WL 22597645, at *1 n.7 (E.D. Pa. July 25, 2003); *cf. Denton v. Hernandez*, 504 U.S. 25, 34 (1992) (holding that a *sua sponte* dismissal under the statutory predecessor to § 1915(e)(2) "does not prejudice the filing of a paid complaint making the same allegations").

one pivotal aspect: Here, Kaetz has paid the requisite $402 filing and administrative fees, and thus his pleadings are not subject to pre-service screening and, when appropriate, *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B).

Because this is a fee-paid case, Third Circuit precedent generally precludes the court from considering *sua sponte* dismissal of the complaint before service of process. *See Oatess v. Sobolevitch*, 914 F.2d 428, 430 (3d Cir. 1990); *see also Wallace v. Fed. Emps. of U.S. Dist. Ct.*, 325 Fed. App'x 96, 101 n.6 (3d Cir. 2009) (per curiam); *Schneller ex rel. Schneller v. Fox Subacute at Clara Burke*, 317 Fed. App'x 135, 138 n.4 (2008) (per curiam). Thus, we ordered a summons be issued, and the plaintiff has now filed proof of service of the complaint on the defendants.

We may properly consider *sua sponte* dismissal of this action for failure to state a claim upon which relief can be granted. *Bryson v. Brand Insulations, Inc.*, 621 F.2d 556, 59 (3d Cir. 1980) ("The district court may on its own initiative enter an order dismissing the action provided the complaint affords a sufficient basis for the court's action."). Although Third Circuit precedent required us to first give the plaintiff notice and an opportunity to respond, *see Dougherty v. Harper's Magazine Co.*, 537

F.2d 758, 761 (3d Cir. 1976); *see also Wallace*, 325 Fed. App'x at 101 n.6;
*Schneller*, 317 Fed. App'x at 138, we have done so, and the plaintiff has
filed his response. Based on the pleadings, federal court records of which
we may appropriately take judicial notice, and the plaintiff's response to
our order to show cause, we now find it appropriate to recommend *sua
sponte* dismissal of this action for lack of subject matter jurisdiction and
for failure to state a claim upon which relief can be granted.

The plaintiff's amended complaint is no model of clarity, but the gist
of the pleading is that four federal probation officers have retaliated
against him for the exercise of his First Amendment rights. In 2021,
Kaetz pleaded guilty and was sentenced to serve 16 months in prison
followed by three years of supervised release for publicizing restricted
information (a judge's home address). *See generally Kaetz v. United
States*, No. 22-1286, 2022 WL 1486775, at *1 (3d Cir. May 11, 2022)
(affirming dismissal of habeas petition). While on supervised release,
Kaetz began filing federal civil actions against a variety of defendants,
including multiple judicial officers. In response to this, federal probation
officials petitioned the sentencing court to add a condition to the terms of
his supervised release to require him to submit to periodic inspections of

- 4 -

his computer equipment. In this fee-paid action, Kaetz has added new claims against the federal district judge who recently dismissed his prior *in forma pauperis* action against those four federal probation officers, claiming that the dismissal of that action infringed upon Kaetz's federal constitutional rights by violating the separation of powers doctrine. In his amended complaint, he has added an unrelated claim against another federal district judge who recently entered a "vexatious litigant" injunction directing that future complaints naming federal judges as defendants be pre-screened for frivolousness and terminating or dismissing certain actions as legally frivolous under the doctrine of absolute judicial immunity. Kaetz also seeks to hold the United States itself liable for all of the foregoing conduct under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b) and 28 U.S.C. § 2671 *et seq.* For relief, he seeks an award of $20 million in damages and an injunctive order directing that the defendants be terminated from their employment.

With respect to the plaintiff's FTCA claim against the United States, the United States is generally entitled to sovereign immunity from suit. As the Third Circuit has summarized:

> Under the doctrine of sovereign immunity, the United States "is immune from suit save as it consents to be

> sued . . . and the terms of its consent to be sued in any
> court define that court's jurisdiction to entertain the
> suit." "A waiver of the Federal Government's sovereign
> immunity must be unequivocally expressed in statutory
> text, and will not be implied."

*Cooper v. Comm'r*, 718 F.3d 216, 220 (3d Cir. 2013) (quoting *United States v. Testan*, 424 U.S. 392, 399 (1976), and *Lane v. Pena*, 518 U.S. 187, 192 (1996)) (citations omitted). "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *Fed. Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 475 (1994).

Subject to exceptions not at issue here, the FTCA waives the sovereign immunity of the United States with respect to a variety of *state-law* tort claims. *See* 28 U.S.C. § 1346(b)(1); *Lomando v. United States*, 667 F.3d 363, 372–75 (3d Cir. 2011). But federal constitutional tort claims are simply not cognizable under the FTCA. *See Meyer*, 510 U.S. at 477–78. "State law provides the source of substantive liability under the FTCA. Because federal law is the source of liability for the deprivation of a federal constitutional right, the United States is not liable under § 1346(b) for constitutional tort claims." *Webb v. Desan*, 250 Fed. App'x 468, 471 (3d Cir. 2007) (per curiam) (citation omitted).

Moreover, as a precondition to suit, the FTCA requires a plaintiff to

first exhaust administrative remedies:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.

28 U.S.C. § 2675(a). "Fulfillment of the administrative exhaustion requirement is essential to a court's subject matter jurisdiction over a claim under the FTCA. A complaint's failure to allege exhaustion of administrative remedies, therefore, requires dismissal of the complaint for lack of subject matter jurisdiction." *Biase v. Kaplan*, 852 F. Supp. 268, 283 (D.N.J. 1994) (citations omitted); *see also Gomez v. United States*, No. 1:14-CV-01176, 2016 WL 826899, at *3 (M.D. Pa. Mar. 3, 2016) ("Although the exhaustion requirement under the Prison Litigation Reform Act of 1995 is an affirmative defense and can be waived, the exhaustion of administrative remedies under the FTCA is jurisdictional and cannot be waived.").

Here, the plaintiff's FTCA claims are not cognizable because they are based on purported federal constitutional violations, not state-law

torts, and he has also failed to allege the exhaustion of administrative remedies. Accordingly, this court lacks subject matter jurisdiction over the plaintiff's FTCA claims against the United States.

With respect to the plaintiff's separation of powers and First Amendment retaliation claims against Chief Judge Bumb and Judge Vazquez, these claims are clearly barred by the doctrine of absolute judicial immunity. "A judicial officer in the performance of his duties has absolute immunity from suit and will not be liable for his judicial acts." *Azubuko v. Royal*, 443 F.3d 302, 303 (3d Cir. 2006) (per curiam). "Like other forms of official immunity, judicial immunity is immunity from suit, not just from ultimate assessment of damages." *Mireles v. Waco*, 502 U.S. 9, 11 (1991) (per curiam). "[S]o long as (1) the judge's actions are taken in his judicial capacity (determined by the nature of the acts themselves) and (2) the judge has some semblance of jurisdiction over the acts, he will have immunity for them." *Mikhail v. Kahn*, 991 F. Supp. 2d 596, 660 (E.D. Pa. 2014) (citing *Gallas v. Supreme Court of Pa.*, 211 F.3d 760, 768–69 (3d Cir. 2000); *see also Mireles*, 502 U.S. at 11–12. Indeed, "[a] judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be

subject to liability only when he has acted in the 'clear absence of all jurisdiction.'" *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978) (quoting *Bradley v. Fisher*, 80 U.S. (13 Wall.) 335, 351 (1871)). "This immunity applies even when the judge is accused of acting maliciously and corruptly . . . ." *Pierson v. Ray*, 386 U.S. 547, 554 (1967). "Although unfairness and injustice to a litigant may result on occasion, 'it is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself.'" *Mireles*, 502 U.S. at 12 (quoting *Bradley*, 80 U.S. (13 Wall.) at 347).

Based on the allegations of the *pro se* amended complaint, the plaintiff's claims *exclusively* concern judicial acts taken by these federal district judges in their roles as presiding judges in federal court proceedings, and no acts alleged were taken in the complete absence of all jurisdiction. Accordingly, the plaintiff has failed to state a claim upon which relief can be granted with respect to Chief Judge Bumb or Judge Vazquez.

With respect to the plaintiff's First Amendment retaliation claims

against the four federal probation officers, the plaintiff has failed to identify any particular basis for a cause of action against these defendants, simply asserting unconstitutional conduct and demanding relief. We have therefore liberally construed these claims as having been brought under the Supreme Court's decision in *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), which authorizes suit against federal officials in their personal capacities for infringement of certain constitutional rights. *See generally Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244–46 (3d Cir. 2013) (discussing a court's obligation to liberally construe *pro se* pleadings and other submissions). But it is now well-settled that "there is no *Bivens* action for First Amendment retaliation." *Egbert v. Boule*, 142 S. Ct. 1793, 1807 (2022); *see also Bistrian v. Levi*, 912 F.3d 79, 96 (3d Cir. 2018) ("[T]he retaliation claim is not a recognized *Bivens* remedy[.]"); *Vanderklok v. United States*, 868 F.3d 189, 198 (3d Cir. 2017) ("The Supreme Court has never implied a *Bivens* action under any clause of the First Amendment."). The plaintiff identifies no other basis for a cause of action against these personal-capacity defendants.

Moreover, we note that the plaintiff's claims against the four

federal probation officers arise out of a petition to modify the conditions of his sentence of supervised release, not a petition to revoke supervised release or for the issuance of an arrest warrant. Case law suggests that the four federal probation officers may be entitled to absolute quasi-judicial immunity for this conduct. *See, e.g.*, *Fields v. Maceo*, 51 F.3d 280, 1995 WL 136007, at *2 (9th Cir. 1995) (unpublished table decision) (finding state probation officers acted as "an arm of the sentencing judge," and thus were entitled to absolute quasi-judicial immunity for conducting factual investigation and filing probation modification motion for consideration of sentencing judge); *Schiff v. Dorsey*, 877 F. Supp. 73, 78–79 (D. Conn. 1994) (finding federal probation officer was entitled to absolute quasi-judicial immunity for filing a petition for probation action that did not seek arrest). Accordingly, the plaintiff has failed to state a claim upon which relief can be granted with respect to the four federal probation officer defendants: Joseph McCormick, Nick Capaccio, Carrie Borona, and Ivettelis Perez.

Therefore, it is recommended that this action be dismissed for lack of subject matter jurisdiction with respect to the United States, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, and for failure to

state a claim upon which relief can be granted with respect to the individual defendants, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. We further recommend dismissal *without* leave to amend, as it is clear from the foregoing that any amendment would be futile. *See Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004); *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002).


Dated: August 15, 2023                    *s/Joseph F. Saporito, Jr.*
                                          JOSEPH F. SAPORITO, JR.
                                          United States Magistrate Judge

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

WILLIAM F. KAETZ,

        Plaintiff,

        v.

UNITED STATES OF AMERICA, et al.,

        Defendants.

CIVIL ACTION NO. 1:23-cv-03624

(BRANN, C.J.)
(SAPORITO, M.J.)

## NOTICE

NOTICE IS HEREBY GIVEN that the undersigned has entered the foregoing Report and Recommendation dated August 15, 2023. Any party may obtain a review of the Report and Recommendation pursuant to Local Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636(b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified

proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Failure to file timely objections to the foregoing Report and Recommendation may constitute a waiver of any appellate rights.

Dated: August 15, 2023             *s/Joseph F. Saporito, Jr.*
                                       JOSEPH F. SAPORITO, JR.
                                       United States Magistrate Judge