# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| WILLIAM F. KAETZ, | No. 1:23-CV-03624 |
| Plaintiff | (Chief Judge Brann)[1] |
| v. | |
| UNITED STATES OF AMERICA, *et al.*, | (Magistrate Judge Saporito) |
| Defendants. | |

## ORDER

**SEPTEMBER 29, 2023**

William F. Kaetz filed this amended complaint alleging that numerous individuals violated his rights during criminal and civil cases in which he is involved.[2] In August 2023, Magistrate Judge Joseph F. Saporito, Jr. issued a Report and Recommendation recommending that this Court *sua sponte* dismiss the amended complaint with prejudice because: (1) the United States enjoys sovereign immunity as to Kaetz's Federal Tort Claims Act claim, and Kaetz failed to exhaust his administrative remedies as to that count; (2) claims against the named federal judges are barred pursuant to judicial immunity; and (3) no *Bivens*[3] action may lie against the named federal probation officers and, in any event, those officers are entitled to

---

[1] An Article III Judge in the United States District Court for the Middle District of Pennsylvania sitting in the District of New Jersey by designation of Chief Judge Michael A. Chagares of the United States Court of Appeals for the Third Circuit. Doc. 6.

[2] Doc. 5.

[3] *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

quasi-judicial immunity.[4] Kaetz filed timely objections to the Report and Recommendation.[5]

Where no objection is made to a report and recommendation, this Court will review the recommendation only for clear error.[6] Conversely, "[i]f a party objects timely to a magistrate judge's report and recommendation, the district court must 'make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.'"[7] Regardless of whether timely objections are made, district courts may accept, reject, or modify—in whole or in part—the magistrate judge's findings or recommendations.[8] Upon review of the record, the Court finds no error in Magistrate Judge Saporito's conclusion that Kaetz's complaint must be dismissed with prejudice. Consequently, **IT IS HEREBY ORDERED** that:

    1.    Magistrate Judge Joseph F. Saporito, Jr.'s Report and Recommendation (Doc. 16) is **ADOPTED**;

    2.    Kaetz's amended complaint is *sua sponte* **DISMISSED** with prejudice;

---

[4] Doc. 16.
[5] Doc. 22.
[6] Fed. R. Civ. P. 72(b), advisory committee notes; *see Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987) (explaining that court should in some manner review recommendations regardless of whether objections were filed).
[7] *Equal Emp't Opportunity Comm'n v. City of Long Branch*, 866 F.3d 93, 99 (3d Cir. 2017) (quoting 28 U.S.C. § 636(b)(1)).
[8] 28 U.S.C. § 636(b)(1); Local Rule 72.31.

    A.    Claims against the United States are dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1).

    B.    Claims against all remaining defendants are dismissed in accordance with Federal Rule of Civil Procedure 12(b)(6).

3.    Kaetz's motion for the recusal of Magistrate Judge Saporito (Doc. 17) is **DENIED** as there is no reasonable basis to question Magistrate Judge Saporito's impartiality;[9]

4.    Kaetz's motion to strike (Doc. 20) is **DENIED**; and

5.    The Clerk of Court is directed to **CLOSE** this case.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge,
Specially Presiding

---

[9] *See In re Kensington Int'l Ltd.*, 368 F.3d 289, 301 (3d Cir. 2004) (setting forth standard for recusal).