UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| WILLIAM F. KAETZ, | : | NO. 1:23-CV-03624 |
| Plaintiff, | : | |
| | : | (BRANN, C.J.) |
| v. | : | |
| | : | (CAMONI, M.J.) |
| | : | |
| UNITED STATES OF AMERICA, | : | |
| *et al.* | : | |
| Defendants. | : | |

# **ORDER**

In July 2023, Plaintiff William F. Kaetz filed a complaint (amended one week later) alleging that numerous individuals, all judges and probation officers, violated his rights during criminal and civil cases in which he was involved. Complaint, Doc. 1; Amended Complaint, Doc. 5. Finding that all the named defendants were immune from suit, the Court *sua sponte* dismissed the amended complaint with prejudice. Order, Doc. 23, adopting R&R, Doc. 16. Kaetz appealed, and the Court of Appeals affirmed. Doc. 26.

Kaetz now asks this Court to vacate that judgment for "fraud on the court" pursuant to Federal Rule of Civil Procedure 60(d)(3). Motion, Doc. 28; Br. in Support, Doc. 29.

Under Rule 60(d)(3), a district court can "set aside a judgment for fraud on the court." *See* Fed. R. Civ. P. 60(d)(3). "The party seeking relief under Rule 60(d)(3) must establish fraud by clear and convincing evidence. Fraud on the court must involve an unconscionable plan or scheme which is designed to improperly influence the court in its decision." *Hatchigian v. Int'l Bhd. of Elec. Workers Local 98 Health & Welfare Fund*, 610 F. App'x 142, 143 (3d Cir. 2015) (citation modified).

Kaetz's rambling, confusing brief seems to cobble together a theory under which, in dismissing this case and other cases Kaetz filed in 2023, Courts relied impermissibly on dicta from certain cases, and that, somehow, recent downsizing in the Department of Education provides new evidence of this fraud. Doc. 29 at 2, 9, 10.[1]

Kaetz's misguided legal theory boils down to an argument that the Court relied on nonbinding precedents. But Kaetz had an opportunity to

---

[1] Additionally, Kaetz asserts that this case "centers on the nondischargeability of student loans in bankruptcy." Br. at 1. Nothing in the Amended Complaint had anything to do with student loans, nor bankruptcy. *See* Doc. 5. Kaetz's present arguments bear no resemblance, let alone relevance, to the underlying case. The caption of Kaetz's motion does bear four different civil docket numbers, so perhaps this motion is more appropriate for one of the other three.

raise such an argument on direct appeal. Nothing Kaetz alleges remotely approaches clear and convincing evidence of a "fraud on the court" under either Rule 60(d)(3) or *Hatchigian*. Nothing in Kaetz's motion or brief changes the fact that his complaint was properly dismissed because all of the defendants were immune, as the Third Circuit agreed when it affirmed. Kaetz has failed to meet his burden.

Accordingly, IT IS HEREBY ORDERED THAT, Plaintiff's Motion to Vacate Judgment, Doc. 28, is DENIED.

Date:  November 14, 2025         *s/Sean A. Camoni*
                                 Sean A. Camoni
                                 United States Magistrate Judge for
                                 the Middle District of Pennsylvania